RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0321p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　　　　*Plaintiff-Appellee,*

　　　　*v.*

SANTIAGO SANTILLANA, a/k/a Chango,

　　　　　　　　*Defendant-Appellant.*

No. 06-1276

>

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-80302—Julian A. Cook, Jr., District Judge.

Submitted: July 24, 2008

Decided and Filed: August 27, 2008

Before: MOORE and SUTTON, Circuit Judges; ALDRICH, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Mark Diamond, New York, New York, for Appellant. Diane L. Marion, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

ANN ALDRICH, District Judge. Defendant Santiago Santillana ("Santillana") appeals a sentence imposed after he pled guilty to two counts of using a firearm during, and in relation to, a drug trafficking offense in violation of 18 U.S.C. § 924(c). The district court sentenced Santillana to 84 months and 156 months to run consecutively, representing a downward departure of 144 months. Although Santillana does not challenge the *reasonableness* of this sentence, he does challenge the district court's decision not to make a further downward departure. Because we generally do not review a district court's decision not to depart downward, and because no exception to that rule applies here, Santillana's sentence is affirmed.

_____

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

## I.     Background

Santillana was indicted on one count of conspiracy to possess with intent to distribute, and to distribute, cocaine and marijuana in violation of 21 U.S.C. § 846 (count 1). (J.A. 11.) He was also indicted on four counts of using a firearm during, and in relation to, a drug trafficking offense in violation of 18 U.S.C. § 924(c), which arose from a series of armed home invasions (counts 5-8). (J.A. 11, 19-21.) During these invasions, firearms were carried and brandished to obtain and steal money, firearms, controlled substances, and other property. (J.A. 87.) On at least one occasion, firearms were discharged. (J.A. 88.)

Santillana subsequently pled guilty to counts 5 and 6, and the government dismissed the other charges. (J.A. 28.) At the plea hearing, the government put on the record that it would move for a downward departure based on substantial assistance and would allow Santillana to argue for a further reduction based on the fact that he faced deportation upon completion of his sentence. (J.A. 70.)

Pursuant to 18 U.S.C. § 3553(e) and United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1, the government subsequently filed its motion for a downward departure based upon Santillana's "very substantial assistance," stating that Santillana had met with agents on numerous occasions, provided information to the government regarding the criminal activity of numerous individuals, and testified in a criminal matter, resulting in the conviction of two individuals involved in armed home invasions. (J.A. 43-44.)

At Santillana's sentencing hearing, the district court considered a letter received from his wife stating that his children needed him, as well as the government's motion for a downward departure. However, the district court also noted that at the time of the offense, Santillana was on probation for possessing with intent to deliver marijuana, that he previously had been deported from Michigan to Mexico before simply turning around and reentering the United States, and that the matters bringing him before the court were extremely serious, involving acts of violence that could have endangered innocent persons in the homes invaded as well as in neighboring houses.

After noting that the matter bringing Santillana before the court was "not by any means a small matter" and that it was hard to find "anything good with his conduct," the district court acknowledged Santillana's cooperation and said it would grant the government's motion for downward departure. The district court proceeded to state the statutory minimums for the crimes involved, indicating that count 5 carried a minimum of seven years, and count 6 carried a minimum of twenty-five years, to run consecutively. In light of Santillana's substantial assistance, however, the court sentenced him to 84 months (seven years) on count 5, and 156 months (thirteen years) on count 6, to run consecutively. (J.A. 90.) The court further stated that at the end of Santillana's term of imprisonment, he would be subject to concurrent 36 month periods of supervised release on each count. (J.A. 91.) Finally, the court ordered that Santillana be deported upon his release from imprisonment, and that he was not to reenter the country without permission from the authorizing government agency and the court. (J.A. 91.)

Santillana did not object to his sentence before the district court and filed a timely appeal in this court.

## II.     Standard of Review

We have previously held that we do not review a district court's decision not to depart downward unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure. *United States v. Puckett*, 422 F.3d 340, 344 (6th Cir. 2005); *United States v. Lucas*, 357 F.3d 599, 609 (6th Cir. 2004) ("A district court's failure to grant a downward departure can only be reviewed by us upon appeal if the lower court erroneously believed

that it lacked authority to grant such a departure as a matter of law.") We do not require that a district court explicitly state that it is aware of its discretion to make such a departure. *Puckett*, 422 F.3d at 346; *Lucas*, 357 F.3d at 609-10. Rather, we presume that the district court understood its discretion, absent clear evidence to the contrary. *United States v. Crouch*, 288 F.3d 907, 910 (6th Cir. 2002).

Absent any such clear evidence that the district court misunderstood its discretion, we review the decision of the district court only if "(1) the sentence was imposed in violation of the law; (2) it was imposed as a result of an incorrect application of the guidelines; (3) the sentence represented an upward departure; or (4) the sentence was imposed for 'an offense for which there is no Sentencing Guideline and is plainly unreasonable.'" *Puckett*, 422 F.3d at 346 (citing 18 U.S.C. 3742(a)).

If we find review warranted, the plain error standard applies because Santillana did not object to his sentence before the district court. *See United States v. Fountain*, 2 F.3d 656, 669-70 (6th Cir. 1993). "To warrant correction under plain-error review, an error must be plain, affect substantial rights, and substantially affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Jackson*, 401 F.3d 747, 750 (6th Cir. 2005) (quoting *Johnson v. United States*, 520 U.S. 461, 466 (1997)).

If, however, we find review of the district court's decision not to further depart downward unwarranted, we are still free to review a "defendant's claim that his sentence is excessive based on the district court's unreasonable analysis of the section 3553(a) factors in their totality." *United States v. McBride*, 434 F.3d 470, 477-78 (6th Cir. 2006).

## III.    Discussion

### A.    *There is no clear evidence that the district court was unaware of its discretion to make an additional downward departure*

Santillana asserts that the district court was unaware of its discretion to (1) sentence him below the statutory minimum on count 5, (2) sentence him to concurrent sentences, and (3) take his deportable status into account in departing downward. Accordingly, he argues that his sentence is reviewable.

Santillana's argument here must fail, however, because there is no clear evidence that the district court did not understand its discretion to make such additional downward departures. To the contrary, the sentencing transcript shows that the district court was aware of its general authority to depart downwards. The district court stated:

> Because of his cooperation I will, as noted earlier, grant the Motion For Downward Departure under . . . Title 18 United States Code Section 3553E which permits the Court under certain circumstances which I believe to exist today to impose a sentence below a statutory minimum.

(J.A. 89.) Thus, the record shows that the district court was aware of its authority to depart downwards.

After acknowledging its authority, the district court stated that the mandatory minimum for count 5 was 7 years, to run consecutive to any sentence imposed pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), and that the minimum for count 6 was 25 years consecutive to any other sentence imposed pursuant to 18 U.S.C. § 924(c)(1)(C)(i). Accordingly, the mandatory minimums for the combined counts would have been 32 years, or 384 months. However, the district court sentenced

Santillana to a total of 20 years, or 240 months, imposing a sentence of 84 months on count 5 to run consecutive to 156 months on count 6.

Santillana points to no clear evidence showing that the district court was unaware of its authority to depart downward on count 5 or to impose concurrent sentences. In fact, the only evidence he advances in support of his proposition that the district court misunderstood its authority is the fact that the district court did not explicitly state that it was aware of such authority, which is simply not enough to trigger review.

Nor does Santillana point to any evidence that the district court was unaware of its authority to take his deportable status into account. To the contrary, the record suggests that the district court was aware of such authority. Specifically, at Santillana's plea hearing, the government asked that the record indicate that Santillana's attorney could "argue for a lower reduction based on the fact that Mr. Santillana faces deportation upon completion of his sentence." (J.A. 70.) Although Santillana's counsel represented to the court that Santillana was aware of this right, he did not later argue for a greater departure at sentencing. Thus, nothing in the record from either the plea or sentencing hearings indicates that the court believed it lacked the authority to take Santillana's deportable status into account.

Because there is no clear evidence that the district court misunderstood its authority to depart downward, we do not review Santillana's sentence unless one of the § 3742(a) factors is met.

### B.     *None of the § 3742(a) factors is met to otherwise warrant review of Santillana's sentence*

Having found that the district court was aware of its authority to depart downward, under *Puckett*, we do not review the sentence imposed unless "(1) the sentence was imposed in violation of the law; (2) it was imposed as a result of an incorrect application of the guidelines; (3) the sentence represented an upward departure; or (4) the sentence was imposed for 'an offense for which there is no Sentencing Guideline and is plainly unreasonable.'" *Puckett*, 422 F.3d at 346 (citing 18 U.S.C. § 3742(a)).

In the instant case, none of the § 3742(a) exceptions applies. Santillana has not claimed that his sentence was imposed in violation of the law, or that the district court incorrectly applied the guidelines. Further, his sentence does not represent an upward departure, was not imposed for an offense for which there is no guideline, and is not plainly unreasonable. Accordingly, we do not review his sentence pursuant to 18 U.S.C. § 3742(a).

### C.     *Santillana does not claim that his sentence is unreasonable*

Although we would be free to review a claim that Santillana's sentence is unreasonable under the § 3553(a) factors, Santillana did not raise such a claim in his appeal, thus waiving further review here.[1]

---

[1] Although it could be argued that Santillana's claim regarding the downward departure implicitly raises such a claim, as we have previously stated:

> The case precedent in this circuit instructs courts to withhold judgment on issues not fully developed by the briefs or in the record. Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.

*United States v. Sandridge*, 385 F.3d 1032, 1035-36 (6th Cir. 2004). As already noted, Santillana neither objected to his sentence before the district court nor objected to its overall reasonableness in his appeal to this court. Further, had Santillana's failure to raise such a claim on appeal been a mere oversight, the government's brief in response provided notice, devoting four sentences to the matter. Had Santillana intended to flesh out such an argument, he could have

## IV.    Conclusion

Because  there is no clear evidence that the district court misunderstood its authority to depart downward, and because none of the § 3742(a) exceptions applies, we do not review the district court's decision not to make a greater downward departure.  Further, because he does not claim that his sentence is excessive based on the district court's unreasonable analysis of the § 3553(a) factors in their totality, no further review is warranted.  Accordingly, Santillana's sentence is affirmed.

---

potentially done so in a reply brief, which he elected not to file.  As a result, even if we were to construe Santillana's claim as implicitly raising a claim about the overall reasonableness of his sentence, such a claim would be deemed waived because Santillana has made no effort to develop that argument here or elsewhere in the record.