**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0492n.06

**No. 06-3573**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jul 14, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| JASON TAIT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: COLE and COOK, Circuit Judges; COHN, District Judge.[*]

COOK, Circuit Judge. Defendant Jason Tait pleaded guilty to charges of bank fraud, conspiracy to commit bank fraud, uttering fraudulent securities, and mail theft. The district court sentenced him to 21 months' imprisonment, and Tait appeals his sentence. We affirm.

I.

Without a plea agreement, Tait pleaded guilty to the offenses mentioned above. The Presentence Report ("PSR") assigned Tait an offense level of 7 and a criminal history category of VI, resulting in a Guidelines range of 15 to 21 months. Tait's 24 criminal history points far exceeded

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

the 13 needed to place him within category VI. At the time of the federal indictment, Tait was serving a prison sentence on unrelated state charges.

Tait concedes that the district court correctly scored his criminal history and calculated the Guidelines range. And Tait never objected to the category VI designation, nor did he argue that it over-represented his criminal past. The district court sentenced Tait to a 21-month term, which it ordered him to serve consecutive to his undischarged state sentence. Now he appeals, claiming that his criminal history score overstated the seriousness of his prior convictions and challenging his sentence as substantively unreasonable.

## II.

Tait argues that his criminal history score, though correctly calculated, overstated the seriousness of his criminal record and therefore warrants a downward departure under U.S.S.G. § 4A1.3(b)(1). We will "not review a district court's decision not to depart downward unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure." *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir.), *cert. denied*, 129 S. Ct. 469 (2008). The district court need not explicitly indicate its awareness of its discretion; "[r]ather, we presume that the district court understood its discretion, absent clear evidence to the contrary." *Id.* In the absence of such clear evidence:

> we review the decision of the district court only if (1) the sentence was imposed in violation of the law; (2) it was imposed as a result of an incorrect application of the guidelines; (3) the sentence represented an upward departure; or (4) the sentence was

imposed for an offense for which there is no Sentencing Guideline and is plainly unreasonable.

*Id.* (internal quotation marks omitted).

Tait's over-representation challenge meets none of the criteria for review. He failed to raise this argument before the district court, and on appeal he provides no evidence suggesting that the district court misapprehended its discretion. Accordingly, we decline to review the downward departure issue. *See United States v. Johnson*, 553 F.3d 990, 999 (6th Cir. 2009).

Tait also questions the substantive reasonableness of his within-Guidelines sentence, a matter we review for an abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 591 (2007). "District courts are charged with imposing 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of sentencing." *United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008), *cert. denied*, 2009 U.S. LEXIS 3391 (U.S. May 4, 2009) (quoting 18 U.S.C. § 3553(a)). A sentence is substantively unreasonable if the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider the pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006) (alterations in original) (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)). Sentences imposed within a properly-calculated Guidelines range enjoy a rebuttable presumption of substantive reasonableness. *United States v. Vonner*, 516 F.3d 382, 389–89 (6th Cir.) (en banc), *cert. denied*, 129 S. Ct. 68 (2008).

Tait supports his substantive reasonableness challenge by citing his troubled upbringing and the alleged disparities between his sentence and those meted out to his co-defendants. Although 18 U.S.C. § 3553(a)(6) requires that the sentencing court consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," this factor "concerns *national* disparities between defendants with similar criminal histories convicted of similar conduct—not disparities between codefendants." *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008), *cert. denied*, *Marlowe v. United States*, 129 S. Ct. 450 (2008). "Disparities between the sentences of coconspirators can exist for valid reasons, such as differences in criminal histories, the offenses of conviction, or one co-conspirator's decision to plead guilty and cooperate with the government." *Id.* at 522. Tait does not argue that his within-Guidelines sentence is disparate from those received by similarly-situated offenders at the national level, and his extensive criminal history amply justifies any discrepancy between his sentence and his coconspirators'.

Tait fails to rebut the presumption of reasonableness accorded his sentence. The district court acknowledged the advisory nature of the Guidelines, considered the § 3553(a) factors, correctly calculated the Guidelines range, and sentenced Tait within the range. Tait failed to persuade the district court that his troubled childhood and any potential sentencing disparities among coconspirators justified a shorter prison term, and nothing in the record suggests that the district court abused its discretion in imposing sentence.

Tait's substantive reasonableness challenge also mentions in passing that the district court ordered him to serve his sentence consecutive to his state term. To the extent that Tait claims that the consecutive aspect of his sentence violates reasonableness, his argument is perfunctory and therefore waived. *United States v. Sandridge*, 385 F.3d 1032, 1035–36 (6th Cir. 2004). This claim also fails on the merits because we review for abuse of discretion, which we will not find if the sentencing court "makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998). When it imposed the consecutive sentence, the district court specifically explained that it did so to address Tait's "extensive criminal history." This reference, coupled with the court's thorough examination of the § 3553(a) factors, sufficiently establishes that the court did not abuse its discretion in imposing consecutive sentences. *United States v. Berry*, 565 F.3d 332, 342–43 (6th Cir. 2009). We find Tait's substantive reasonableness challenge devoid of merit.

III.

We affirm Tait's sentence.