**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0464n.06

**No. 09-1180**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 02, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DESHONE DEMETRIUS RADNEY, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER and CLAY, Circuit Judges; GRAHAM, District Judge.[*]

**SILER, Circuit Judge.** Deshone Demetrius Radney, who pled guilty to two counts of possession with intent to distribute cocaine base, appeals the district court's application of a two-level enhancement to his base offense level, pursuant to USSG § 2D1.1(b)(1), for possession of a firearm during the commission of a drug offense. The district court's determination that Radney possessed a firearm during a drug offense is a factual finding which we review under the clearly erroneous standard.[1] *See United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008). For the following reason, we affirm.

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

[1]The court typically reviews sentences for reasonableness under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). However, Radney did not argue that his sentence is procedurally or substantively unreasonable; consequently, he has waived further review on that issue. *See United States v. Santillana*, 540 F.3d 428, 433 (6th Cir. 2008).

The Genessee County Sheriff's Department police obtained a search warrant for a residence at 925 Markham Street in Flint. While conducting pre-raid surveillance, the police observed Radney arrive at the residence, use a key in his possession to enter through the front door, and leave the residence. He was followed, stopped, and found to be in possession of 6.5 grams of cocaine base. The search warrant for the residence was then executed, and the police discovered, among other things, 341.1 grams of cocaine base, a quantity of heroin, marijuana, and MDMA, and a loaded handgun. Two other individuals were in the residence at the time of the search.

Radney pled guilty to two counts of intent to distribute cocaine base. At the initial sentencing hearing, he objected to the two-level enhancement to his base offense level, pursuant to USSG § 2D1.1(b)(1), for possessing a firearm during the commission of a drug offense. The district court held a hearing to review evidence regarding the applicability of the enhancement.

In order for USSG § 2D1.1(b)(1) to be applicable, the Government must establish, by a preponderance of the evidence, that (1) the defendant actually or constructively possessed a firearm, and (2) the possession was during the commission of a drug offense. *United States v. Catalan*, 499 F.3d 604, 606 (6th Cir. 2007). In most cases, these two inquiries collapse into a single factual determination "because the weapon was present when the arrest took place or *where the crime was committed*." *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir. 1991), *abrogated on other grounds by United States v. Jackson-Randolph*, 282 F.3d 369 (6th Cir. 2002) (emphasis added). Once it is established that a defendant was in possession of a firearm during the commission of a drug offense, a presumption arises that such possession was connected to the offense. *Wheaton*, 517

F.3d at 367. The burden then shifts to the defendant to show that it was "clearly improbable" that the weapon was connected to the crime. *Id*.

"Constructive possession of an item is the ownership, or dominion or control over the item itself, or *dominion over the premises where the item is located*." *Wheaton*, 517 F.3d at 367 (internal quotation marks omitted) (emphasis in original). That other people may also have had access to or control over the residence where the weapon was found is "of no moment" because the law recognizes joint possession. *Id*. Indeed, we have previously upheld a § 2D1.1(b)(1) enhancement where a loaded handgun was found in a residence where the relevant drug activity took place in a location that was easily accessible by anyone in the residence. *United States v. Williams*, 176 F.3d 301, 307-08 (6th Cir. 1999); *see also Catalan*, 499 F.3d at 607.

At the outset of the hearing, Radney conceded that a handgun was found on a closet shelf in one of the first floor bedrooms at the 925 Markham Street residence, and that Radney had been in the house immediately prior to his arrest. Officer Scott Wright testified that he found a loaded handgun in a first floor bedroom where it was fully accessible to anyone in the residence. He also testified that drugs were found in the dining room, the kitchen, and the bedroom, all of which were located on the first floor, and that Radney was seen at the 925 Markham Street residence on multiple occasions. Agent Cedric Kendall testified that Radney had been found in possession of a set of keys to the 925 Markham Street residence and was observed using the keys to enter the residence.

At the conclusion of the testimony, the district court stated: "The defense has not met its burden. Has not shown that [it] was clearly improbable that the weapon at issue, a .45 caliber handgun, was connected with the offense." The district court then laid out the following factual

predicates to constructive possession of a firearm during a drug offense: (1) Radney pled guilty to possession with intent to distribute more than 50 grams of cocaine base; (2) 347.1 grams of cocaine base was found during the search of 925 Markham Street; (3) a .45 caliber handgun was found during the search of the house; (4) the firearm was loaded; (5) the firearm was fully accessible; (6) the house is rather small, i.e., 1052 square feet; (7) Radney had a key to the residence; (8) Radney was observed opening the door to the house with his key prior to the search; (9) Radney had been observed at the residence on multiple occasions. The district court then applied the two-level enhancement for possession of a firearm during the commission of a drug offense, calculated the guideline range at 151 to 188 months, and sentenced Radney to two concurrent terms of 160 months' imprisonment. However, the district court did not make a direct factual finding on the record that Radney constructively possessed the firearm during the commission of a drug offense.

Factual findings may be implied from what the district court did and may be evidenced by the broader context of the sentencing hearing and other factual findings set out in the case. *See United States v. Bates*, 552 F.3d 472, 478 (6th Cir. 2009). Although the district court may have failed to directly state its ultimate factual determination, its holding clearly contains an implicit finding of fact. *See United States v. Jobson*, 102 F.3d 214, 220 (6th Cir. 1996). We have previously affirmed sentencing enhancements where the district court sufficiently explained the factual predicates for the enhancement but failed to explicitly state its factual finding. *See, e.g.*, *United States v. Rhodes*, 314 F. App'x 790, 795 (6th Cir. 2008) (unpublished) (upholding obstruction-of-justice enhancement where the district court set out the factual predicates but neglected to name the three legal elements of perjury); *United States v. Thomas*, 272 F. App'x 479, 488 (6th Cir. 2008)

(unpublished) (district court's implicit finding that statements were willful sufficed to establish the requisite factual predicates for perjury despite absence of explicit statements about materiality or willfulness); *United States v. Hooper*, 65 F.3d 169, 1995 WL 514649, at \*5 (6th Cir. 1995) (per curiam) (unpublished) (upholding obstruction-of-justice enhancement despite absence of materiality and willfulness findings, where "the court rejected the totality of [the defendant's] testimony" and the defendant "denied any culpability" but was actually found to be a leader).

It would have been preferable for the district court to have made a direct factual finding that Radney constructively possessed the .45 caliber handgun during the commission of a drug offense. However, its ruling clearly amounts to an implicit factual finding that Radney constructively possessed the firearm during the commission of a drug offense. Thus, the district court's application of the USSG § 2D1.1(b)(1) sentencing enhancement was not clearly erroneous.

AFFIRMED.