**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0006n.06

**No. 09-3283**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jan 04, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **RANDY S. DELANO**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

**BEFORE:**    **COLE and WHITE, Circuit Judges; and O'MEARA, District Judge.**[*]

**COLE, Circuit Judge.**  Defendant-Appellant Randy Delano appeals his sentence of 168 months' imprisonment for two counts of possession with the intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) and (b)(1)(C).  Delano contends that his sentence is substantively unreasonable because (1) the district court placed excess emphasis on Delano's statement at the sentencing hearing and insufficient weight on his difficult upbringing and mental illness, and (2) his criminal history category overstated the seriousness of his prior criminal conduct.  For the reasons stated below, we **AFFIRM**.

---

[*]The Honorable John Corbett O'Meara, United States District Court for the Eastern District of Michigan, sitting by designation.

## I. BACKGROUND

In June 2007, a police officer stopped Delano and his girlfriend, Loreal Johnson, for a traffic violation. The officer questioned Johnson about a bulge in her clothing, which she admitted contained drugs that Delano had asked her to hold for him when he noticed the officer behind their car. Johnson had approximately 120 grams each of cocaine and crack cocaine. A jury convicted Delano of two counts of possession with the intent to distribute cocaine and crack cocaine.

Delano was subject to a 120-month mandatory minimum on the crack cocaine count, and a 240-month statutory maximum on the cocaine count. The United States Pretrial Services and Probation Office prepared a presentence report ("PSR") calculating a U.S. Sentencing Guidelines ("Guidelines") range of 210 to 262 months, based on an offense level of thirty-two and criminal history category VI. The district court sustained Delano's objection to the PSR's recommended two-level enhancement for obstruction of justice, resulting in an offense level of thirty.

At the sentencing hearing, Delano requested a downward departure under Guidelines § 4A1.3(b)(1) on the basis that criminal history category VI overstated the seriousness of his prior conduct. He had been accorded thirteen criminal history points for his prior offenses and an additional two for the proximity of the current offense to his release from custody for a prior conviction. He argued that because a number of his convictions were misdemeanors, those offenses should be grouped by type and each group counted only once, resulting in six criminal-history points and bringing him down to criminal history category III. The district court considered and rejected this argument, noting that many criminal defendants have a number of misdemeanor offenses that increase their criminal-history category and that Delano's prior offenses included complicity to

- 2 -

breaking and entering and two cocaine possessions in addition to the misdemeanors. Delano's

attorney also presented evidence that Delano suffered from bipolar disorder and was the product of

an abusive, neglectful, and traumatic childhood. Then, Delano was given an opportunity to speak:

DISTRICT COURT: Is there anything you want to say, Mr. Delano?

DELANO: Yes. Yes, sir. Since I've been found guilty I wrote down like numerous pages of what I planned on saying before you on this, and it was all—I just crumbled it up and threw it away, because I just—I don't even know how to say it, but I feel the prosecution is wrong. They keep putting it off like I pawned this off on her, like I threw it on her, but if I would have got caught with something in my possession and they would have came to me and was like, well, say it's such-and-such, we going to do this for you, I would have said it was such-and-such, too.

DISTRICT COURT: I don't understand what you're saying.

(The defendant spoke with counsel off the record.)

DELANO'S ATTORNEY: Thank you. We're done, Your Honor.

DISTRICT COURT: I didn't mean to stop him, I just didn't understand what he was saying.

DELANO: I'm saying if I felt that—they wanted to make it sound like a female is not capable of transporting drugs like that. If you look at my past criminal history, like you said, 1.9, I went from a cocaine problem to a distribution overnight, and I just don't see how it can happen like that. They want to act like a female is not capable of transporting this much drugs on her own.

DISTRICT COURT: So you're saying she's the one that had the drugs?

DELANO: She is the one that got caught with them, yes. This is 2008, we got a female running for president. Why can't we have a female that's—I just don't see how 168 months to 210 months for something I ain't never get caught with, and what she's going to say on the stand, and—I'm sorry, Your Honor. You know what I'm saying? I know you've got your—

DISTRICT COURT: Okay.

DELANO: I just can't see me like—that's a lot of time for—if anything, they should have kept me with the conspiracy charge, you know what I'm saying, because I was in the car. They could dismiss the conspiracy charge and charge me with possession, and I ain't never have it in my possession. The cops and the prosecutor and the jury had it in their possession more than I did. I ain't never had it in my possession. But because it was a female that got caught with it, they want to act like she's not capable of doing that. And a female is just as capable of doing that to get money just as a guy is.

And I just don't see me being over—that's it, Your Honor. Thank you.

DISTRICT COURT: Well, you really have done yourself a disservice, but I mean, that's what you decided to do.

(Sentencing Hr'g Tr., District Ct. Docket No. 108, at 21-23.) The district court then discussed the

18 U.S.C. § 3553(a) factors, explaining that Delano's bipolar disorder and significant problems with

regard to his childhood suggested a below-Guidelines sentence would be sufficient. However, the

court then stated:

The real problem I guess with regard to you is with regard to what you just said. I also need to impose a sentence that reflects just punishment, affords adequate deterrence, and protects the public, and reflects the seriousness of the offense. And I was inclined earlier to believe that a lower sentence, you know, could serve those purposes, but by trying to shove off all the responsibility for this off on your girlfriend, it raises real questions in my mind that a longer sentence is needed to provide adequate deterrence and protect the public.

So if you would have either stayed quiet, you know, which you had a right to do, or had simply not tried to inculpate her to help yourself, you know, I would have thought that there was greater hope for rehabilitation.

. . . .

So taken as a whole, I am going to sentence you at the low end of the guidelines, and I would indicate to you you would have gotten below the guidelines if you wouldn't have reflected your efforts to incriminate her.

(Sentencing Hr'g Tr., District Ct. Docket No. 108, at 25-26.)  The court went on to sentence Delano

to 168 months of incarceration on both possession counts, to run concurrently.  Delano timely filed

this appeal.

## II. ANALYSIS

### A. Standard of Review

This Court reviews a district court's sentencing determination for reasonableness under a

deferential abuse-of-discretion standard.  *United States v. Studabaker*, 578 F.3d 423, 430 (6th Cir.

2009) (citing *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007)).  Delano only challenges the

substantive reasonableness of his sentence.

The district court must impose a sentence that is "sufficient, but not greater than necessary,

to comply with" the factors in 18 U.S.C. § 3553(a).  *See United States v. Tristan-Madrigal*, 601 F.3d

629, 632 (6th Cir. 2010).  "'A sentence is substantively unreasonable if the district court selects the

sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a)

factors or gives an unreasonable amount of weight to any pertinent factor.'"  *Id.* at 633 (quoting

*United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008) (internal quotation marks and alterations

omitted)).  A sentence within the Guidelines range "warrants a presumption of reasonableness."

*United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009).

### B. Substantive Reasonableness

Delano first argues that his sentence is substantively unreasonable because the district court

placed too much weight upon his statement at allocution and not enough weight upon his difficult

upbringing and bipolar disorder. The district court considered Delano's mental illness and troubled childhood and ultimately agreed with Delano that these factors supported a lower sentence.

When Delano spoke to the district court, he continued to blame the crime on his girlfriend. Finding that Delano's statements showed a failure to take responsibility and lack of remorse that called into question whether a below-Guidelines sentence would reflect the seriousness of the offense, protect the public, and provide adequate deterrence, the district court imposed a sentence at the very bottom of the Guidelines range. Delano's contention that his sentence contains a four-year penalty for exercising his constitutional right to speak at sentencing is off the mark for three reasons. First, the argument assumes that Delano would have received the mandatory minimum of 120 months, which is four years shorter than the 168-month sentence the district court actually imposed. There is no support for this assumption in the record. The district court never indicated that it was considering a 120-month sentence; it simply stated that Delano "would have gotten below the guidelines if [he] wouldn't have reflected [his] efforts to incriminate [his girlfriend]" (Sentencing Hr'g Tr., District Ct. Docket No. 108, at 26). We cannot know how far below the Guidelines that sentence would have been.

Second, it was not Delano's exercise of his right to speak, but rather, that he did not accept responsibility for his crime, that the district court took into account in considering the § 3553(a) factors. This was not error.

Finally, to the extent that Delano claims his statement was only a single factor for the district court to consider in determining an appropriate sentence, he is conflating facts with factors. One fact, such as a defendant's criminal history or statement at allocution, "may bear upon more than one

of the section 3553(a) factors." *United States v. Gunter*, 620 F.3d 642, 647 (6th Cir. 2010). As the district court explained, Delano's statement evidenced a refusal to take responsibility and lack of remorse that bore on several factors, including the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public. *Cf.* 18 U.S.C. § 3553(a)(2). The district court did not abuse its discretion when it determined that a downward variance would be inappropriate and imposed a sentence at the very bottom of the Guidelines range.

Delano also argues, as he did below, that criminal history category VI overstated his actual criminal history because most of his prior convictions were misdemeanors and, thus, he was entitled to a downward departure. When, as here, a district court is aware of its discretion to grant a downward departure, we lack jurisdiction to review its decision not to do so. *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008). We may, however, consider whether any overstatement of Delano's criminal history renders his sentence substantively unreasonable. *See id.* We find that it does not. As the district court noted, many defendants have a large number of misdemeanor offenses that contribute to their criminal history points. Furthermore, Delano's contention that grouping his misdemeanors would result in six criminal history points and a criminal history category of III is inaccurate. Although six of Delano's criminal history points came from misdemeanors—two instances of theft, two instances of passing bad checks, and one instance of petty theft—seven more came from more serious offenses—two instances of cocaine possession and a conviction for complicity to breaking and entering and theft. With the two points added for proximity of time to the current offense, even if the misdemeanors were given one point in total,

Delano would still have ten criminal history points, which would put him in category V, not III.

Finally, even if we were to accept that criminal history category V was more appropriate, Delano's

ultimate sentence of 168 months would still be encompassed in the new Guidelines range of 151 to

188 months. This further supports the reasonableness of Delano's sentence.

### III. CONCLUSION

For the above reasons, Delano has failed to rebut the presumption of reasonableness and his

sentence is **AFFIRMED**.