NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0929n.06

No. 14-3001

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| MARIO VASQUEZ, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BATCHELDER and ROGERS, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM. Mario Vasquez appeals his sentence.

Vasquez pleaded guilty to conspiracy to possess with intent to distribute cocaine and marijuana and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court determined that, based on Vasquez's total offense level of 31 and criminal history category of II, his guidelines range of imprisonment was 121 to 151 months. Vasquez moved for a downward departure under USSG § 4A1.3(b)(1) on the basis that his criminal history category substantially overrepresented the seriousness of his criminal history. The district court denied Vasquez's motion and sentenced him to 121 months in prison.

On appeal, Vasquez makes the following arguments: (1) the district court misunderstood its discretion to depart downward under § 4A1.3(b)(1); (2) the district court erred by failing to

---

[*] The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

depart downward under § 4A1.3(b)(1); and (3) the district court's failure to depart downward resulted in an incorrectly calculated guidelines range and a sentence that is substantively unreasonable.

We will review a district court's denial of a downward departure only where the record shows that the court was unaware of, or did not understand, its discretion to make such a departure. *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008). We presume that a district court understood its discretion to depart, absent clear evidence to the contrary. *Id.* The record, when viewed in context, reflects that, after considering Vasquez's motion, the district court concluded that a downward departure was unwarranted because a criminal history category of II did not substantially overrepresent the seriousness of Vasquez's prior convictions.

Defendant seeks a resentencing based on the following statement by the district court in declining to grant a departure pursuant to U.S.S.G. § 4A1.3(b)(1): "I don't believe the law permits me to reduce his criminal offense level one level in light of the conviction in 2000 and the conviction in 1994, even though it's a no-pointer, so I will deny your departure request . . . ." It is true that the statement can be read to indicate that the district court lacks the discretion to depart. However, it can also be read to state that if the Guidelines bases for departure are not met, the Guidelines preclude a departure (although a variance is within the court's discretion). Indeed, the Guidelines provide for a downward departure only "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1).

In context, the latter reading appears to be what the district court intended. The district court told Vasquez before he entered a guilty plea that Vasqeuz's attorney at sentencing "could

try to persuade [the court] that [criminal history category two] overstated your criminal history, and that you should be actually criminal history category one, which is lower." The district court repeatedly referred to the guidelines as "advisory," even telling Vasquez that "you understand that since about the middle of the last decade, those guidelines have been advisory for you, that they're not mandatory. They don't control or limit what my sentence has to be in your case; however, they're something that I have to correctly calculate and consider, among other factors, in deciding what your sentence should be." A resentencing is accordingly not warranted.

Vasquez also argues that his sentence is substantively unreasonable. We review sentences under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent 18 U.S.C. § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Before imposing Vasquez's sentence, the district court discussed several relevant § 3553(a) factors, including the seriousness of the offenses, Vasquez's personal and criminal history, and the need to afford adequate deterrence and promote respect for the law. Because there is nothing in the record to suggest that the court selected the sentence arbitrarily, relied on an impermissible factor, or failed to give appropriate consideration to the relevant sentencing factors, Vasquez cannot overcome the presumption that his within-guidelines sentence is substantively reasonable.

Accordingly, we affirm Vasquez's sentence.