NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0409n.06

No. 21-3900

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 14, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| TERRANCE ALLEN, | ) |
| Defendant-Appellant. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: SUTTON, Chief Judge; STRANCH and DAVIS, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Terrance Allen appeals his aggregate 390-month sentence for drug- and firearm-related charges. The sentencing court varied slightly downward from the Guidelines in sentencing Allen, but he challenges the sentence as procedurally and substantively unreasonable because the court improperly applied certain sentencing enhancements, failed to depart below the Guidelines based on an overrepresented criminal history category, and did not properly weigh the factors delineated in 18 U.S.C. § 3553(a). Because the sentence was procedurally and substantively reasonable, we **AFFIRM** Allen's sentence.

## I. BACKGROUND

On December 10, 2019, Allen pleaded guilty to nine counts, including: conspiracy to possess with intent to distribute and to distribute heroin and fentanyl (21 U.S.C. § 846); knowing and intentional distribution of fentanyl in various quantities (21 U.S.C. § 841(a)(1), (b)(1)(C)); knowing possession of a firearm while having previously been convicted of a felony crime (18

U.S.C. § 922(g)(1)); and knowing possession of a firearm in furtherance of drug trafficking (18 U.S.C. § 924(c)(1)(A)). Based on Allen's calculated offense level (41) and criminal history category (VI), the Presentence Investigation Report (PSR) recommended a Guidelines range of 360 months to life, with all but the Section 924(c) count to be served concurrently, and 60 additional, consecutive months for the 924(c) count.

Allen objected to the PSR's recommendation on several grounds relevant to this appeal. First, he objected to the two-point sentencing enhancement for maintaining a premise for the purpose of manufacturing or distributing a controlled substance, arguing that the primary purpose of the two residences to which the enhancement applied was to house Allen's children and their mothers. Second, Allen argued that the four-point enhancement for knowingly misrepresenting or knowingly marketing a mixture or substance containing fentanyl as another substance should not apply because he did not know that the drugs he and others were selling contained fentanyl. Third, he objected to being assessed criminal history points for five prior assaults that took place while he was incarcerated on the basis that he did not serve a period of incarceration for those convictions. And fourth, Allen argued that a downward departure from the Guidelines was warranted because of the "exceptional" extent of his drug and alcohol use from an early age.

Allen reiterated these objections at sentencing. He also emphasized that the five assault convictions in the record overstated his criminal background and likelihood to re-offend because assaults in a jail setting are qualitatively different than assaulting someone in public. Given the inherent tensions of the jail environment, and the fact that he was defending himself, Allen argued that a departure or variance from the Guidelines was warranted. The sentencing court overruled this and every other objection.

Ultimately, the district court accepted the PSR's recommendation as to Allen's offense level and criminal history category. After considering the Section 3553(a) factors, Allen's prior conduct, and his testimony, the court varied downward from the Guidelines recommendation of 360 months by 30 months as to his drug-related charges. In combination with the mandatory 60-month Section 924(c) sentence, the total sentence imposed was 390 months. Allen timely appealed, renewing his objections as to the procedural and substantive reasonableness of his sentence.

## II.    ANALYSIS

We review the district court's sentence for procedural or substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "In reviewing the district court's calculation of the Guidelines, we . . . review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007).

### A.    Procedural Reasonableness

A sentence is procedurally unreasonable when a court commits a procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range," failing to consider the Section 3553(a) factors, failing to explain adequately why it chose the sentence, or selecting the sentence based on clearly erroneous facts. *Gall*, 552 U.S. at 51.

According to Allen, his sentence was procedurally unreasonable because the district court improperly calculated the applicable Guidelines range in two ways. First, the court should not have applied the drug premises enhancement or the enhancement for misrepresenting a substance containing fentanyl. Second, the court failed to vary down from the Guidelines range given his overrepresented criminal history.

1.      Sentencing Enhancements

We begin with the enhancements.  The two-point drug premises enhancement applies to anyone "who knowingly maintains a premises (*i.e.*, a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution."  USSG § 2D1.1 cmt. n. 17.  Manufacture or distribution of "a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises," not an "incidental or collateral" use.  *Id.*; *see United States v. Johnson*, 737 F.3d 444, 447 (6th Cir. 2013).  In applying the enhancement, the court considers the relative frequency of lawful to unlawful use of the premises.  USSG § 2D1.1 cmt. n. 17.

Allen contends that the distribution of drugs was not the primary purpose at either of the residences that the sentencing court considered in applying the enhancement.  Rather, they both served as residences for his children and their mothers.  It is undisputed that, when the search warrant was executed, one of the homes was found to contain a firearm, ammunition, currency totaling over $10,000, and fentanyl, and the other contained a cutting agent frequently used to cut fentanyl, digital scales, and packaging materials.

As an initial matter, Allen's framing of the enhancement's standard is incorrect.  Drug manufacture or distribution need not be *the* primary purpose of a residence for the enhancement to apply, only *a* primary purpose.  *See* USSG § 2D1.1 cmt. n. 17; *United States v. Bell*, 766 F.3d 634, 638 (6th Cir. 2014) ("One can maintain a premises for more than one purpose.").  Allen stored drugs, tools of the trade—"'*e.g.*, laboratory equipment, scales, guns and ammunition to protect the inventory and profits,' . . . including large quantities of cash" in the residences.  *Johnson*, 737 F.3d at 447 (quoting *United States v. Verners*, 53 F.3d 291, 297 (10th Cir. 1995)).  Such evidence,

"[t]aken together," supports the district court's conclusion that Allen used space or rooms in his two homes to store and prepare drugs for distribution, "the central purpose of which was to further a drug-trafficking conspiracy." *Id.* at 448.

Allen attempts to attack the sufficiency of the evidence by distinguishing *Johnson* and *Bell*, two other cases where we applied the enhancement. Unlike *Johnson* or *Bell*, he argues, here there was no evidence of drug production, sales or transactions made from the residences, or participation in drug production or distribution by his family members. But "[w]hat is sufficient is not always necessary." *Bell*, 766 F.3d at 637; *Johnson*, 737 F.3d at 448 (finding same). To apply the enhancement, "[d]rug storage on the property and transactions on the property will usually suffice, but so too will a litany of circumstantial evidence" showing drug production or distribution on the premises. *Bell*, 766 F.3d at 638. Based on the fentanyl, cutting agent, digital scales, packaging materials, firearm, and cash, the district court had sufficient evidence to conclude that a primary purpose of the residences was drug manufacture and distribution. That Allen's family members lived in the homes does not change that result; "[l]iving in a residence and cooking drugs in it can both be relevant purposes under the guideline." *Id.* at 638; *see also United States v. Broadnax*, 777 F. App'x 137, 142 (6th Cir. 2019). The district court properly applied the drug premises enhancement.

Next, the enhancement for misrepresenting a substance containing fentanyl applies to anyone who "knowingly misrepresented or knowingly marketed as another substance a mixture or substance containing fentanyl." USSG § 2D1.1(b)(13). This enhancement is relatively new to the Guidelines. *See* 83 Fed. Reg. 3,869, 3,875 (Jan. 26, 2018). If a person "does not know the substance contains fentanyl . . . , the enhancement does not apply. The specific offense

characteristic includes a *mens rea* requirement to ensure that only the most culpable" are subjected to the enhancement. USSG supp. to app. C, amend. 807 (2021).

A sentencing court's finding under the Guidelines must be based on "reliable information and a preponderance of the evidence." *United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005) (citing USSG § 6A1.3, cmt.). The court is "not restricted to information that would be admissible at trial"; rather, the court can consider "[a]ny" information, including hearsay, so long as it is sufficiently reliable. USSG § 6A1.3, cmt. It is the government's burden to prove that a particular sentencing enhancement applies. *United States v. Stubblefield*, 682 F.3d 502, 510 (6th Cir. 2012).

Allen argues that there was not enough evidence presented at sentencing to merit applying the knowing misrepresentation enhancement. During the hearing, the government read the line sheet of a phone call made to one of Allen's co-defendants during which the caller told the co-defendant, Allen's "right-hand man," that the heroin he and Allen were selling contained fentanyl. Allen contends that his co-defendant's knowledge that the heroin contained fentanyl has no bearing on whether he had that knowledge. But, as the government points out and as the sentencing court acknowledged, both the caller and another individual told one of the case agents they had told Allen directly that the heroin he was selling contained fentanyl. Also, Allen had a close relationship with the co-defendant who received the phone call, and the sentencing court found it implausible that the co-defendant would conceal the phone call and its contents from Allen. Taking together the caller's testimony and Allen's relationship with his co-defendant, the sentencing court concluded that Allen's testimony during the hearing that he had no idea there was fentanyl in the heroin he sold was unpersuasive.

The district court permissibly considered the testimony that two individuals told Allen the heroin contained fentanyl. *See United States v. Santana*, 723 F. App'x 331, 337 (6th Cir. 2018)

("[H]earsay is permissible at a sentencing hearing so long as it has some minimum indicia of reliability." (quoting *United States v. Darwich*, 337 F.3d 645, 656 (6th Cir. 2003)). And, while we cannot say that the relationship between Allen and his co-defendant requires a conclusion that the co-defendant told him about the phone call, it is not for us to reverse the sentencing court where there are "two permissible views of the evidence." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985). Based on the evidence before the court, it was not improper to conclude that, on balance, Allen was aware the heroin he was selling contained fentanyl and sold it as heroin anyway. The district court properly applied the knowing misrepresentation enhancement.

### 2. Overrepresented Criminal History

Allen's final challenge to the procedural reasonableness of his sentence is based on the district court's refusal to depart or vary down from the Guidelines because of Allen's overrepresented criminal history. *See* USSG § 4A1.3(b)(1). Specifically, Allen claims that the five assault convictions the court relied on in determining his criminal history substantially over-represent the seriousness of his history because all five assaults occurred while he was incarcerated. To support his argument that a downward variance or departure was warranted, Allen reiterates the arguments he made before the sentencing court: fights in jail are both common and qualitatively different from assaults in public; the jail environment is inherently tense; and Allen was defending himself. Allen also cites *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008), but his reliance on that case is misplaced because *Vowell* discussed *substantive* reasonableness, not procedural.

We generally do "not review a district court's decision not to depart downward unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure." *United States v. Johnson*, 553 F.3d 990, 999 (6th Cir. 2009) (quoting *United*

*States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008)); *see United States v. Mitchell*, 681 F.3d 867, 880-81 (6th Cir. 2012) (reviewing deferentially a decision not to vary downward).

Here, the record shows that the sentencing court was both aware of and understood its discretion to depart or vary downward from the Guidelines but chose not to do so. At sentencing, Allen argued that a departure was warranted because of his overrepresented criminal history. The court refused, finding that assaults in the jail context are no less significant than unprovoked public assaults. The court also informed Allen during the hearing that it would hear argument as to "anything . . . that might justify a downward variance," further demonstrating awareness of its discretion to vary from the Guidelines. That the court decided not to depart or vary from the Guidelines based on Allen's criminal history does not mean it was unaware of its discretion to do so. Accordingly, we decline to review the district court's failure to grant a downward departure or variance based on Allen's criminal history.

### B.      Substantive Reasonableness

A sentence is substantively unreasonable—*i.e.*, too long—if the district court gave too much weight to some of the Section 3553(a) factors and too little to others. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). While the court should consider all pertinent factors, the court "may place great weight on one factor if such weight is warranted under the facts of the case." *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013). A sentence that falls within a correctly calculated Guidelines range is presumed to be reasonable, but a sentence outside the Guidelines range is not presumed to be unreasonable. *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011).

Allen argues that the 390-month sentence imposed is substantively unreasonable because it was greater than necessary to meet the statutory purposes of sentencing in light of Allen's history

and background, the nature of the offense, and the need for deterrence and the public's protection.[1]

Allen did in fact plead guilty and accept responsibility for his actions. And it is true that he had a difficult upbringing: his parents were addicted to drugs, and he started using drugs and alcohol at 13 years old. Moreover, while incarcerated, Allen had voluntarily taken advantage of programming related to sobriety and anger management. He was approximately 28 years old at the time of sentencing.

In imposing the 390-month sentence, the court focused on the seriousness of Allen's conduct and the impact it had on his community. The court specifically noted Allen's upbringing, explaining that Allen's actions continued to perpetuate the very cycle that had made his childhood challenging. Although the court varied downward from the Guidelines by 30 months, it emphasized the need to deter others from following Allen's path, to "break the cycle," and to promote respect for the law. The court acknowledged that the sentence was the "most severe" it had imposed in similar cases in 25 years, but ultimately found that the sentence imposed was sufficient but not greater than necessary to accomplish its purposes. In short, the court weighed Allen's history and background, the nature and seriousness of the offense, and the need for deterrence and public protection.

We find that the sentencing court did not err in weighing the Section 3553(a) factors. "The district court had an interest in seeing that [Allen's] sentence reflected the seriousness of the offense; in affording adequate deterrence; and in protecting the public from further crimes . . . ." *Adkins*, 729 F.3d at 572. Given the circumstances, the court acted within its discretion by placing more weight on the seriousness of Allen's offense and the need for deterrence. We will not

---

[1] Allen also argues that his co-defendant, Donte Walker, received a much shorter sentence of 262 months. But Walker received a lesser enhancement than Allen did, and, unlike Allen, did not have a prior felony record, so we find Walker's sentence unpersuasive in analyzing the substantive reasonableness of Allen's.

substitute our judgment for that of the sentencing court and grant Allen's request to "balance the factors dif[f]erently than the district court did." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006) (emphasis removed).

## III.   CONCLUSION

For the foregoing reasons, we **AFFIRM** Allen's sentence.