**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Evert TURNER, Defendant–Appellant.**

**No. 01–7035.**

United States Court of Appeals, Tenth Circuit.

April 23, 2002.

Michael A. Abel, Assistant Federal Public Defender (Paul D. Brunton, Federal Public Defender, with him on the brief), Tulsa, OK, for Defendant–Appellant.

Jeffrey A. Gallant, Assistant United States Attorney (Sheldon J. Sperling, United States Attorney, with him on the brief), Muskogee, OK, for Plaintiff–Appellee.

Before HENRY, McKAY, and GIBSON,* Circuit Judges.

McKAY, Circuit Judge.

Mr. Turner was charged with three counts of tax evasion in violation of 26 U.S.C. § 7201 for tax years 1992, 1993, and 1994. He was also charged with two counts of failure to file a tax return for tax years 1995 and 1996 in violation of 26 U.S.C. § 7203. During the three-day trial, Mr. Turner chose to represent himself. A jury convicted him on all five counts.

Mr. Turner represented himself at his arraignment. The magistrate judge advised him of the nature of the charges and the maximum possible penalties. Rec., Vol. IV, at 5–6. Mr. Turner indicated that he was in the process of obtaining counsel. He also stated that he had reviewed the indictment with an attorney prior to the arraignment. *Id.* at 4–5. The magistrate judge stressed the importance of obtaining counsel and gave Mr. Turner until close of business the next day to have an attorney of record or to apply for a court-appointed attorney. *Id.* at 6–7.

A few weeks later, at the Show Cause Hearing before the magistrate judge, Mr. Turner indicated for the first time his intent to represent himself. The magistrate judge again stressed the importance of retaining an attorney and advised Mr. Turner that his arguments made "very little, if any, sense at all." Rec., Vol. V, at 9–11. He also told Mr. Turner that "it is almost impossible for you to have due process under our system of justice without counsel." *Id.* at 9. Mr. Turner still asserted that he wished to waive his right to counsel and said, "I feel I do know what is best for me. And I prefer not to have counsel." *Id.* at 13. The magistrate judge then appointed the Public Defender's Office as standby counsel. *Id.* at 13–14; 16.

Prior to trial, the district judge held a Status Hearing to address the issue of Mr. Turner's self-representation. In that hearing, the district judge informed Mr. Turner that he had a right to competent counsel to represent him, appointed by the court, at no cost to Mr. Turner. Rec., Vol. VIII, at 2–3. The judge also advised him of the elements of the charges he faced and that he might be able to pursue a good faith defense to the charges. *Id.* at 3–5. The judge further explained to Mr. Turner that he would be required to follow the rules of evidence and other court rules without any assistance from the judge. *Id.* at 5.

In addition to the above explanation, the district judge inquired into Mr. Turner's education (doctorate in chiropractic) and whether he had prior trial experience. *Id.* at 5–8. The judge asked the Government to disclose Mr. Turner's potential length of imprisonment according to the Sentencing Guidelines. *Id.* at 9–10. The district judge analogized representing oneself to an individual with no training performing a chiropractic procedure on himself, or operating on oneself to remove cancer. *Id.* at 8–9. The judge further stated that he "wouldn't represent [himself] in a speeding ticket." *Id.* at 9.

In spite of the district judge's repeated admonitions, Mr. Turner maintained that he wished to represent himself. *Id.* at 2–3, 8–9. The judge appointed an Assistant Federal Public Defender to serve as standby counsel for Mr. Turner. *Id.* at 12.

■ The issue in this case is whether the district judge's inquiry was sufficient

---

* Honorable John R. Gibson, United States Senior Circuit Judge for the Eighth Circuit, sitting by designation.

to support the court's finding that Mr. Turner waived counsel knowingly and intelligently. The validity of a waiver of the right to counsel is reviewed de novo. *See United States v. Akers*, 215 F.3d 1089, 1096 (10th Cir.2000). The underlying factual findings are reviewed for clear error. *Id.*

■ A lawyer cannot be forced upon a defendant who wishes to waive his right to counsel even if self-representation would be detrimental. *See Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). "A criminal defendant has a constitutional and a statutory right to waive his right to counsel and represent himself at trial." *Akers*, 215 F.3d at 1096 (citing *Faretta*, 422 U.S. at 807, 95 S.Ct. 2525). When a defendant chooses to exercise his constitutional right to represent himself, three requirements must be satisfied. *Id.* at 1097. First, the defendant must voluntarily assert his intention to represent himself; second, "defendant must 'knowingly and intelligently' relinquish the benefits of representation by counsel;" and third, "defendant must make this assertion in a timely fashion." *Id.* (citations and quotations omitted).

■ The only question in this case is whether Mr. Turner knowingly and intelligently waived his right to counsel. The trial judge must ensure that a defendant's waiver of counsel is knowingly and intelligently made. *United States v. Padilla*, 819 F.2d 952, 956–57 (10th Cir.1987).

■ There is a presumption that a thorough inquiry should be made. *See United States v. Hughes*, 191 F.3d 1317, 1323 (10th Cir.1999). It is "ideal" when the trial judge conducts a "thorough and comprehensive formal inquiry" including topics such as the nature of the charges, the range of punishment, possible defenses, and a disclosure of risks involved in

representing oneself *pro se*. *United States v. Willie*, 941 F.2d 1384, 1388 (10th Cir.1991). However, there is "[n]o precise litany" of questions that must be asked of defendants who choose self-representation. *Padilla*, 819 F.2d at 959. Additionally, a defendant's technical legal knowledge is not relevant to an assessment of his knowing exercise of the right to waive counsel. *Faretta*, 422 U.S. at 836, 95 S.Ct. 2525.

■ Nevertheless, failure to conduct this inquiry does not require automatic reversal if the surrounding facts and circumstances indicate that the defendant "understood his right to counsel and the difficulties of *pro se* representation." *Willie*, 941 F.2d at 1389. Even if a defendant "conduct[s] his own defense ultimately to his own detriment, his choice must be honored...." *Faretta*, 422 U.S. at 834, 95 S.Ct. 2525.

Our discussion in *Willie* is instructive. Similar to Mr. Turner, Mr. Willie chose to represent himself despite multiple urgings and pleas by the district court to retain counsel. Mr. Willie declared that he would not accept any court-appointed attorney, submitted several pretrial motions, and was provided with standby counsel. Despite a lack of a thorough and formal inquiry on the record, we upheld Mr. Willie's waiver of counsel because he was notified of the charges against him and the potential penalties involved. *Willie*, 941 F.2d at 1391. We stated:

> [Mr.] Willie's repeated and unequivocal assertions of his right to self-representation, his continuous stubborn refusal to accept the services of admittedly competent and available counsel, his numerous *pro se* petitions and his clear expression that he could only work with an attorney who shared his views on taxation ...

constitute a valid implied waiver of his right to counsel.

*Id.* at 1390.

■ The record reflects that Mr. Turner understood his right to counsel and that he effectively waived that right. Similar to Mr. Willie, Mr. Turner was informed of the charges against him and the potential length of his sentence according to the Sentencing Guidelines. Mr. Turner indicated that he only wanted to be represented by counsel who agreed with his view of the tax laws; he submitted several motions and was provided with standby counsel. The trial judge informed Mr. Turner that his defense theories made little, if any, sense. Additionally, Mr. Turner filed several pretrial motions, gave opening and closing statements, objected to the Government's evidence, called his own expert witness, and successfully argued to remain free pending sentencing.

The record is replete with the district court's numerous attempts to impress upon Mr. Turner the inherent difficulties of self-representation. Both the magistrate judge and the district judge repeatedly stressed the importance of retaining an attorney to assist in Mr. Turner's defense. The district judge attempted to explain to Mr. Turner that self-representation could be extremely detrimental and told Mr. Turner that he would not even represent himself in a speeding ticket. The judge analogized self-representation to an untrained person performing a chiropractic procedure on himself or operating on oneself to remove cancer. The record clearly reflects that the district court did not think Mr. Turner was making a smart decision.

Mr. Turner apparently argues that the district court's belief that he was making a bad decision is evidence that his waiver was not knowingly and intelligently given. The use of the word intelligent within the standard used to determine an effective waiver of counsel gives this court some pause. Labeling Mr. Turner's waiver of his right to counsel as intelligent seems to presuppose that this decision was a wise choice or the best choice given Mr. Turner's circumstances. The district court clearly did not agree that Mr. Turner made the optimal decision. However, knowingly and intelligently waiving the right to counsel is different from making a wise decision.

In this context, knowing and intelligent means only that he was reasonably informed by the court of the hazards of self-representation and had sufficient understanding of those hazards. The trial court's obligation is to impart enough information to the defendant so that the defendant can make a fully informed choice. The court cannot be obligated to agree that the defendant's final decision itself is wise or in his best interests given the circumstances. The court informed Mr. Turner that he had a right to competent counsel to represent him, advised Mr. Turner of the charges against him, and explained to Mr. Turner that he would be required to follow court rules without any assistance from the judge. We are satisfied that the district court provided Mr. Turner with enough information to make an informed, knowing, and thus legally intelligent decision whether to waive his right to counsel.

For the foregoing reasons, the decision of the district court is **AFFIRMED.**