**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RENE SEGURA VARGAS,

      Petitioner - Appellant,

v.

SCOTT ABBOTT [*], Warden, Wyoming
State Penitentiary, and HOKE
MACMILLAN, Wyoming Attorney
General, in their official capacities,

      Respondents - Appellees.

No. 02-8043
(D.C. No. 99-CV-179-D)
(D. Wyoming)

---

**ORDER AND JUDGMENT** [**]

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     Scott Abbott is the current warden of the Wyoming State Penitentiary.
In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Scott Abbott is substituted for Vance Everett as an appellee in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Rene Segura Vargas, a Wyoming state prisoner, filed a habeas petition under 28 U.S.C. § 2254 seeking relief from his state-court convictions. The federal district court denied relief and declined to issue a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1)(A) (COA required to appeal). This court granted a COA on the question of whether Mr. Vargas was denied his constitutional right to counsel when he was required to proceed pro se in the absence of a knowing and voluntary waiver of his right to counsel. We affirm the district court's denial of habeas relief.

## Background

The state trial court appointed counsel for Mr. Vargas, and when he became dissatisfied with that attorney's representation, the court appointed a different attorney to represent him. On the morning of the second day of his jury trial, Mr. Vargas informed the judge that he wanted a different attorney because he did not believe his current counsel was conducting his defense appropriately. He requested that the trial be postponed to allow him time to find another lawyer. The request to continue the trial was denied. The trial judge informed Mr. Vargas that he did not have the right to the attorney of his choice, that his attorney was doing a very good job defending him, and that he needed an attorney. Following

a recess, Mr. Vargas stated that he neither wanted to represent himself nor continue with his attorney. The judge explained that, although he had the right to represent himself, he would be held to the same standards as an attorney during trial and the judge could not help him. She recommended that Mr. Vargas not try to represent himself, but reiterated that the trial would not be postponed and his choice was to represent himself or continue with his attorney. Mr. Vargas stated repeatedly that he wanted a lawyer and could not represent himself, but he persisted in demanding a different attorney. Consequently, the judge ruled that he had waived counsel, and appointed his attorney as stand-by counsel. During the remainder of the trial, Mr. Vargas conducted no cross-examination and called no witnesses (even though his attorney had subpoenaed defense witnesses). When called upon to participate, Mr. Vargas either renewed his request for an attorney or said nothing. He made a closing argument in which he complained about lack of counsel and stated his defense theories.

On appeal to the Wyoming Supreme Court, Mr. Vargas raised the issue that he did not waive his right to counsel. That court held that he had "voluntarily, knowingly and intelligently waived his right to counsel." Vargas v. State, 963 P.2d 984, 990 (Wyo. 1998). The federal habeas petition followed.

<u>Discussion</u>

The issue in this appeal is whether the Wyoming Supreme Court's ruling is, as Mr. Vargas claims, "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Mr. Vargas argues that the Wyoming Supreme Court ruled contrary to clearly established federal law as determined by the United States Supreme Court in finding that his waiver of counsel was knowing and intelligent. He concedes that his waiver was voluntary. He maintains, however, that it was not knowing and intelligent because the trial judge failed to inform him of "the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." <u>Von Moltke v. Gillies</u>, 332 U.S. 708, 724 (1948). He argues that unless a trial judge advises the defendant of every point listed in <u>Von Moltke</u>, a waiver of counsel is not knowing and voluntary.

A trial court's failure to conduct the inquiry described in <u>Von Moltke</u> "do[es] not prompt us to automatically reverse the conviction where the surrounding facts and circumstances, including [the defendant's] background and conduct, demonstrate that [he] actually understood his right to counsel and the difficulties of *pro se* representation and knowingly and intelligently waived his

-4-

right to counsel." United States v. Willie , 941 F.2d 1384, 1389 (10th Cir. 1991) . We have recognized that it is best for the trial judge to conduct a comprehensive formal inquiry, but "there is no precise litany of questions that must be asked of defendants who choose self-representation." United States v. Turner , 287 F.3d 980, 983 (10th Cir. 2002) (quotations and citations omitted). Von Moltke 's own language requires only that a waiver of counsel "be made with an *apprehension* of" the circumstances. Von Moltke , 332 U.S. at 724 (emphasis added). Moreover, in the later case of Faretta v. California , 422 U.S. 806 (1975), the Supreme Court stated that for a knowing and intelligent waiver of counsel, a defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" 422 U.S. at 835 (quoting Adams v. United States ex rel. McCann , 317 U.S. 269, 279 (1942)).

In this case, Mr. Vargas was informed of the charges and possible penalties at his arraignment [1] and he stated he understood. The trial court attempted to "impress upon [Mr. Vargas] the inherent difficulties of self-representation." Turner , 287 F.3d at 984. Mr. Vargas stated repeatedly that he needed an attorney; he clearly understood the risks and difficulties of self-representation.

---

[1]    Mr. Vargas received two arraignments and two preliminary hearings because errors were committed at his first preliminary hearing.

We conclude that he made his choice with eyes open. Furthermore, Mr. Vargas "cannot use his right to counsel to play a 'cat and mouse' game with the court, or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel." Willie , 941 F.2d at 1390 (quotation omitted).

The Wyoming Supreme Court's conclusion that Mr. Vargas voluntarily, knowingly, and intelligently waived his right to counsel was neither "contrary to, [n]or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Consequently, we affirm the district court's denial of habeas relief on this claim.

Entered for the Court


Stephanie K. Seymour
Circuit Judge