**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesse MOLES, Defendant–Appellant.**

No. 02–4389.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2003.

## *ORDER*

Jesse Moles, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction for uttering counterfeit obligations in violation of 18 U.S.C. § 472. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Moles pleaded guilty pursuant to a negotiated plea agreement. At sentencing, Moles objected to paragraphs 27 and 28 of the presentence investigation report, arguing that his criminal history category was incorrectly calculated because it included two uncounseled misdemeanor convictions that had resulted in imprisonment. The district court conducted a hearing concerning Moles's objections, adopted the criminal history calculation as recommended in the presentence investigation report, and assigned 2 criminal history points to each of the misdemeanor convictions at issue. This resulted in an adjusted point total of 13 for a criminal history category of VI. The district court sentenced Moles to 21 months of imprisonment; 18 months to run consecutive to a state sentence and 3 months to run concurrently.

In his timely appeal, Moles reasserts the objections made at sentencing.

This court reviews de novo a district court's application and interpretation of the sentencing guidelines; however, the district court's factual determinations will not be disturbed unless they are clearly erroneous. *United States v. O'Dell,* 247 F.3d 655, 674 (6th Cir.2001); *United States v. Murphy,* 241 F.3d 447, 458 (6th Cir. 2001).

Upon review, we conclude that the district court properly included two prior misdemeanor convictions in its calculation of Moles's criminal history score. Moles challenges the assessment of two criminal history points for each of two state misdemeanor convictions because he was uncounseled and did not knowingly, intelligently, and voluntarily waive his right to counsel. Moles argues that the assessment was improper under *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), because the misdemeanor convictions were uncounseled, yet resulted in a term of imprisonment. Under *Nichols,* an uncounseled misdemeanor conviction may be included in calculating the criminal history category only if the conviction did not result in a term of imprisonment. *Id.* at 746–47. However, *Nichols* does not apply where a defendant knowingly and intelligently waived his right to counsel in connection with a misdemeanor, even if the conviction resulted in a term of imprisonment. *United States v. Logan,* 250 F.3d 350, 377 (6th Cir.2001). Additionally, a presumption of regularity attaches to state court proceedings, including the waiver of counsel preceding a guilty plea. *Cuppett v. Duckworth,* 8 F.3d 1132, 1136–37 (7th Cir.1993) (citing *Parke v. Raley,* 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992)).

The district court properly concluded that Moles had knowingly and intelligently waived his right to counsel before he pleaded guilty to the state misdemeanors.

A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

At the federal sentencing hearing, Moles admitted that the state municipal trial court had referred him to the state's office of the public defender. He met with the public defender, completed paperwork, and was ultimately advised that he did not qualify for representation on the misdemeanor charges. He admitted that he spoke with "a couple of lawyers" but hired none, despite having a monthly discretionary income of approximately $400. The record reveals that the state municipal trial court offered to continue the proceeding so that Moles could obtain counsel. Nevertheless, Moles testified at sentencing that, "I basically wanted to get it over. I knew that I couldn't get a lawyer. And public defender wasn't going to represent me. Instead of delaying it, I wanted to get it over with. I didn't—she was going to send me to jail. I thought I was going to get probation because I was working and making a car payment and everything else at the time." Thus, the record reveals that Moles was not denied counsel; rather, he was employed and did not qualify for representation by the public defender after a review of his personal finances. Furthermore, the record indicates that Moles decided not to retain private counsel in the two misdemeanor cases because he assumed that he would be given probation. Moles assumed incorrectly, but knowingly and intelligently waiving the right to counsel is different from making a wise decision. *See United States v. Turner,* 287 F.3d 980, 984 (10th Cir.2002).

The record reveals that the state municipal trial court informed Moles of the charges against him, informed him of his right to counsel, and informed him of the possible sentences. Thus, the state municipal trial court provided Moles with enough information to make an informed, knowing, and thus legally intelligent decision whether to waive his right to counsel. Moles cannot overcome the presumption of regularity accorded state convictions, particularly in light of his on-the-record waiver of counsel. The district court properly assessed criminal history points for each of the misdemeanor convictions at issue.

Accordingly, we hereby affirm the district court's judgment.