UNITED STATES of America,
Plaintiff–Appellee,

v.

Monique TISDEL, Defendant–
Appellant.

No. 15–3217.

United States Court of Appeals,
Sixth Circuit.

Oct. 27, 2015.

BEFORE: COLE, Chief Judge; DAUGHTREY and DONALD, Circuit Judges.

## OPINION

COLE, Chief Judge.

Monique Tisdel pleaded guilty to trafficking in heroin. She faced upwards of 24 months' imprisonment under the U.S. Sentencing Guidelines ("USSG"). Instead, the district court varied downward and imposed a term of one year and one day in prison. Finding no error, we affirm.

## I.

In December 2013, federal agents investigating a drug ring picked up a series of phone calls between Tisdel and Mark A. Makupson. These calls revealed that Tisdel was acting as a courier for Makupson, dealing small amounts of heroin and providing funds for the purchase of additional heroin. A grand jury indicted Tisdel for her role, albeit minor, in this operation. She pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

## A.

A probation officer prepared a Presentence Investigation Report ("PSR") for the district court. See 18 U.S.C. § 3552(a); Fed.R.Crim.P. 32. With respect to Tisdel's "offense level," the PSR began with a base level of 18 because the drug quantity at issue was between 40 and 60 grams of heroin. See USSG § 2D1.1(c)(11). After a five-level decrease, the offense level came down to 13. See USSG §§ 3B1.2(b), 3E1.1(a), (b). As for her "criminal history," the PSR placed Tisdel in category III because she had three countable "prior sentences" between March and October of 2013—for drug possession and possession

of criminal tools, driving under the influence, and driving under suspension—and because she committed the instant heroin offense while under probation. See USSG § 4A1.1(c), 1.1(d), 1.2. Ultimately, the PSR calculated the guidelines range: a total offense level of 13 and a criminal history category of III, amounting to a sentence of 18 to 24 months' imprisonment. See USSG § 5A.

## B.

At the sentencing hearing, the district court agreed with the PSR's recommendation. Tisdel's counsel objected, arguing that, although "according to the system ... she does fit within [c]ategory III," this finding would be unfair because it "overstates the seriousness of her [c]riminal [h]istory and her likelihood of recidivism." Further, as Tisdel's counsel pointed out, she "has no offenses of violence in her past" and "never served a prior sentence." Tisdel hoped for a criminal history reduction because it would allow a discretionary split-sentence of six months' imprisonment and six months' home confinement. See USSG § 5C1.1(d)(2).

The district court considered this argument, but pointed to countervailing concerns of recidivism. The court noted that Tisdel "caught a break" on her March 2013 drug possession conviction when she was granted intervention in lieu of conviction, but "less than five months later" she became involved in this case. Moreover, the district court explained that "[c]riminal [h]istories are largely related to the underlying offense.... [N]ot ... to whether somebody served jail time before." The court did not find that category III overrepresented Tisdel's criminal history and, instead, thought it was "in line with what the Sentencing Commission had intended."

After considering all party objections and the 18 U.S.C. § 3553(a) sentencing

factors, the court ultimately "g[a]ve her a variance in the case" and imposed a sentence of one year and one day in federal custody.

## II.

We review sentencing decisions under an abuse-of-discretion standard. *United States v. Coppenger,* 775 F.3d 799, 802–03 (6th Cir.2015). All sentences, "whether inside, just outside, or significantly outside the Guidelines range," *Gall v. United States,* 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), must be procedurally and substantively reasonable. *See United States v. Kamper,* 748 F.3d 728, 739 (6th Cir.2014). Such review entails "consider[ing] not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Webb,* 403 F.3d 373, 383 (6th Cir.2005). However, because "[d]istrict courts have an institutional advantage over appellate courts in making" sentencing determinations, *Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the mere "fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

## III.

Tisdel primarily faults the district court for denying her "request to be placed in criminal history category II," which she claims resulted in an unreasonable sentence. That argument, however, is foreclosed. Tisdel may not appeal the district court's refusal to depart downward under USSG § 4A1.3(b)(1). In any case, we find no procedural or substantive error in the district court's sentencing determination.

## A.

■ On appeal, a defendant may not challenge a district court's refusal to depart downward "unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Puckett,* 422 F.3d 340, 345 (6th Cir.2005) (quoting *United States v. Stewart,* 306 F.3d 295, 329 (6th Cir.2002)). We have long held that a sentence is "not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence." *United States v. Draper,* 888 F.2d 1100, 1105 (6th Cir.1989).

Tisdel has not shown that the district court misunderstood its discretion. *See United States v. Santillana,* 540 F.3d 428, 431 (6th Cir.2008) (holding that the district court need not "explicitly state that it is aware of its discretion," rather, we "presume" as much "absent clear evidence to the contrary"). Here, the district court understood the advisory nature of the guidelines, as evinced by its words and actions. As the sentencing transcript reflects, the district court considered the Sentencing Commission's intent, understood the policy undergirding USSG § 4A1.3 departures, and found that Tisdel's criminal history was not over-represented. *See United States v. Johnson,* 553 F.3d 990, 999 (6th Cir.2009) (declining to review the district court's refusal to grant a downward departure under USSG § 4A1.3(b)(1) where the sentencing judge merely stated "the circumstances here ... are not so exceptional as to form the factual basis for any such departure or variance"); *United States v. Moore,* 225 F.3d 637, 643 (6th Cir.2000) (noting that the district court need not engage in a "ritualistic incantation" to show that it adequate-

ly considered its discretion to depart downward on the basis of criminal history). Moreover, the court ultimately granted a variance, which further confirms that it understood the discretionary nature of the guidelines.

### B.

■ In reviewing Tisdel's sentence for reasonableness, we "must first ensure that the district court committed no significant procedural error." *Gall,* 552 U.S. at 51, 128 S.Ct. 586. Procedural reasonableness tracks what went into the punishment determination. For example, in reaching its determination, the district court must have correctly calculated the guidelines range, considered the § 3553(a) factors, adequately explained its decision after hearing out the parties' arguments, and treated the guidelines as advisory. *Id.; United States v. Grossman,* 513 F.3d 592, 595 (6th Cir. 2008). Where a party has failed to object to a procedural defect below, we review the claim of procedural unreasonableness for plain error. *United States v. Vonner,* 516 F.3d 382, 385–86 (6th Cir.2008) (en banc).

Under any standard of review, however, the district court's methodology clears each procedural hurdle. First, the district court correctly calculated the guidelines range. Tisdel concedes this point and her counsel admitted as much at the sentencing hearing. Second, the district court considered the § 3553(a) factors, including Tisdel's beneficial "history and characteristics." For example, the court noted that "a fair number" of Tisdel's prior offenses "[did not] score because they [were] driving under suspension and other traffic violations." The court also pointed out that Tisdel was "a smaller player" in the Makupson conspiracy. Further, the court stated that Tisdel's "good work record" and "good relationship with [her] immediate family" all "work[ed] to [her] benefit." Third, the district court addressed Tisdel's argument for leniency, explaining that, on balance, the circumstances did not warrant a criminal history departure:

> Well, in this case, I have set ... the Criminal History Category at ... III. I don't find that it overrepresents [under USSG § 4A1.3]. I think it is in line with what the Sentencing Commission had intended.... [But] having considered all [of the 18 U.S.C. § 3553(a) ] factors, ... I am going to give a variance in the case.

Fourth, as demonstrated above, the court treated the guidelines as advisory.

In sum, the sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (upholding sentence where "judge's statement of reasons [were] brief but legally sufficient"). The district court did just that. *See, e.g., United States v. Bolds,* 511 F.3d 568, 582 (6th Cir.2007) (affirming sentence as procedurally reasonable where district court accurately calculated the sentencing range, considered the § 3553(a) factors, including the policy statements of the Sentencing Commission, as well as the defendant's arguments for a lower sentence, and explained the reasons for imposing the sentence).

### C.

■ "Assuming that the district court's sentencing decision [was] procedurally sound," we next "consider the substantive reasonableness of the sentence." *Gall,* 552 U.S. at 51, 128 S.Ct. 586. Substantive reasonableness asks whether the punishment itself was appropriate. We must "take into account the totality of the circumstances, including the extent of any

variance from the Guidelines range." *Id.* If the sentence is within the guidelines range, we may apply a "presumption of reasonableness." *Id.; Vonner,* 516 F.3d at 389–90. This presumption "naturally extends to sentences below the Guidelines range." *United States v. Pirosko,* 787 F.3d 358, 374 (6th Cir.2015).

Tisdel's sentence was substantively appropriate. The district court considered all arguments and presented an adequate rationale, in line with the sentencing factors and guidelines-policy. *See United States v. Curry,* 536 F.3d 571, 573–74 (6th Cir.2008) (per curiam) (upholding a sentence as substantively reasonable where the district court "considered [the defendant's] sentencing range and the factors in § 3553(a) before imposing a [below-the-guidelines] sentence"). Recognizing the need for "adequate deterrence," 18 U.S.C. § 3553(a)(2)(B), the district court explained why it imposed the one year and one day prison term. Here, the district court was concerned with Tisdel's recent drug-related conviction because she was "given a break" and went "back to criminal conduct" within months. That pattern of recidivism, the district court stated, "suggests that a longer sentence may be needed." Moreover, the court correctly identified that its determination was "in line with what the Sentencing Commission had intended." *See* USSG § 4A1.3 cmt. background (describing "younger defendants ... who are more likely to have received repeated lenient treatment, yet who may actually pose a greater risk of serious recidivism than older defendants").

In any case, the district court imposed a below-the-guidelines sentence. *See United States v. Greco,* 734 F.3d 441, 450 (6th Cir.2013) (stating that defendants who seek to challenge the substantive reasonableness of a below-the-guidelines sentence "bear a heavy burden"). Upon motion of the government under USSG § 5K1.1, the court allowed a downward departure in Tisdel's offense level to 12. On top of that, after discussing the § 3553(a) factors, the district court granted a sentence variance. Her sentence dropped from a potential maximum of 24 months to only one year and one day. Tisdel's variance was so low that it amounted to a bottom-of-the-guidelines sentence for the next lowest criminal history category. The court effectively gave her what she asked for. That we might have further extended the district court's leniency to a departure or a split-sentence does not justify reversal. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

## IV.

Tisdel could have received upwards of 24 months in prison, but she only received one year and one day. She may not appeal the district court's refusal to depart downward. Moreover, her sentence was procedurally and substantively reasonable. For these reasons, we affirm the district court's sentencing determination.